IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY NEWSOME, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 20-00402-KD-MU |
| | ) |
| SCOTTSDALE INSURANCE COMPANY, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

This action is before the Court on Plaintiff Tracey Newsome's Unopposed Motion for Leave to Amend Complaint (doc. 4). Newsome seeks leave to amend to correctly identify the Defendant as Scottsdale Insurance Company instead of Scottsdale Indemnity Company. Newsome states that Scottsdale has no objection to the motion.

Upon consideration, and for the reasons set forth herein, the Motion is **GRANTED**. Accordingly, Newsome shall file the **First Amended Complaint** on or before **December 15, 2022,** and Scottsdale shall file its **answer or other response** on or before **December 22, 2022.**

Upon filing the First Amended Complaint, the **Clerk is directed** to correct the docket to identify the Defendant as Scottsdale Insurance Company.

I. Background

Newsome filed a complaint against Scottsdale in the Circuit Court of Baldwin County (doc. 1). Newsome alleged breach of contract and bad faith arising from an insurance coverage dispute (Id.). On October 13, 2022, Scottsdale removed the action on basis of diversity jurisdiction (Id.). Scottsdale answered the original complaint on November 7, 2022. In the answer, Scottsdale stated that it had been incorrectly identified as Scottsdale Indemnity

Company instead of Scottsdale Insurance Company. Newsome filed the pending Motion for Leave to Amend and Proposed First Amended Complaint on November 28, 2022.

II. Analysis

The First Amended Complaint could have been filed without a motion because Newsome may amend "once as a matter of course" within 21 days of service of the answer, i.e., November 28, 2022.  Fed. R. Civ. P 15(a)(1)(B). However, Newsome waived the right to amend as a matter of course and the Court will address the motion. Daker v. Comm'r, Georgia Dep't of Corr., 850 Fed. Appx. 731, 733 (11th Cir. 2021) ("A district court does not abuse its discretion by ruling on a motion to amend even if the plaintiff had the right to amend his complaint as a matter of course because, by filing a motion to amend, the plaintiff 'waive[s] the right to amend as a matter of course and ... invite[s] the District Court to review [his] proposed amendments.'") (quoting Coventry First, LLC v. McCarty, 605 F.3d 865, 869-70 (11th Cir. 2010)).

Without Scottsdale's written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]"

City of Miami v. Bank of America Corp., 800 F. 3d 1262, 1286 (11th Cir. 2015) (citation omitted).

The docket does not indicate that Newsome engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. This action is in the early stages of litigation. The preliminary scheduling order was entered on November 8, 2022. Thus, allowing the amendment will not cause undue prejudice to the nonmoving party. Amending the complaint to correctly identify the Defendant is not futile. Since the Court has not ascertained any substantial reason to deny Newsome's Motion for Leave to Amend and because the amendment to the complaint is intended to correctly identify the Defendant, the interests of justice indicate that it should be granted.

**DONE** and **ORDERED** this 6th day of December 2022.

                                         s / Kristi K DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**